UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-CV-20804-JLK

TAMARA CASTANON, and other similarly
situated individuals,

    Plaintiff,

v.

MOUNT ZION HOLDINGS, INC., d/b/a
AMERICAN LINEN SERVICE, ISABELLA
MONTEALEGRE, & PETER MONTEALEGRE,

    Defendants.
_____/

## **OPNIION ON DAMAGES AS TO DEFENDANT MOUNT ZION HOLDINGS, INC.**

**THIS CAUSE** comes before the Court upon the affidavit of Plaintiff Tamara Castanon docketed August 21, 2019 (D.E. 24-1) in support of her Motion for Default Judgment against Defendant Mount Zion Holdings, Inc. ("Mount Zion") (D.E. 20).

On August 15, 2019, the Court granted Plaintiff's Motion for Default Judgment against Mount Zion as to liability, where it failed to retain counsel, and allowed Plaintiff to submit a new affidavit "stating facts to support the damages amount she requests" (D.E. 22, at 2–3). The Court specifically flagged Plaintiff's request for $22,600.00 in back pay for her retaliatory discharge claim: "Plaintiff states no facts to show she made any effort to mitigate her damages, for example by seeking other employment," citing *Nord v. U.S. Steel Corp.*, 758 F.2d 1462, 1471–72 (11th Cir. 1988) (*id.* at 2).

1

In her new affidavit, Plaintiff states that she "performed [her] work satisfactorily" at all times during her employment, and "was fired due to [her] requests to be paid overtime" (D.E. 24-1, ¶¶ 18–19). She states that, although she "immediately started looking for a new job, [she] was unable to find one for 4 weeks," after which she started work as a part-time employee earning $150 per week (*id.* ¶¶ 20–21), but she had been making $700 per week when employed by Mount Zion (*id.* ¶ 24). She continues: "I have been continuously making efforts to find a second job in order to cover my expenses but have been unable to do so" and "am now forced to move to live at my sister's house" (*id.* ¶¶ 22–23).

First, the Court finds that, as to her unpaid minimum wage and overtime compensation claims, Castanon sufficiently set forth calculations of five weeks' minimum wages totaling **$2,475.00** (*see* D.E. 24-1, ¶ 16), and 52 weeks' overtime compensation totaling **$4,917.80** (*see id.* ¶ 17). Second, as to her request for back pay, the Court finds that Castanon has now provided facts in her sworn affidavit to support her request for back pay for retaliatory discharge, and on the basis of those facts is entitled to back pay in the amount of **$22,600.00**. Third, the Court finds Plaintiff is due liquidated damages in the amounts of **$2,475.00** and **$4,917.80** where Mount Zion has defaulted on Plaintiff's FLSA minimum wage and overtime compensation claims.[1]

Therefore, the Court concludes that, based on Plaintiff Tamara Castanon's uncontradicted, defaulted testimony in her affidavit, she is due to be awarded a total of

---

[1] As noted in its prior order, the Court has discretion as to whether to award liquidated damages for a retaliatory discharge claim. *See Moore v. Appliance Direct, Inc.*, 708 F.3d 1233, 1238–43 (11th Cir. 2013); *see also Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir. 2000) ("[T]he liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages."). The Court continues to find that liquidated damages for Plaintiff's retaliatory discharge claim would be inappropriate.

$37,385.60 from Defendant Mount Zion Holdings, Inc. Pursuant to Federal Rule of Civil Procedure 58(a), final default judgment against Defendant Mount Zion Holdings, Inc. will be set out in a separate document.

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 23rd day of August, 2019.

*James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**cc:** **All Counsel of Record**